IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00054-BNB

WILSON DAVIS,

Applicant,

v.

WARDEN DAVIS, FCI Englewood,
PEOPLE OF THE STATE OF MICHIGAN, and
ATTORNEY GENERAL OF THE STATE OF MICHIGAN,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 7 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING CLERK TO TRANSFER THE ACTION

---

On January 5, 2009, Applicant Wilson Davis submitted to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Davis is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado.  He is challenging a detainer that has been placed against him by the State of Michigan.  Magistrate Judge Boyd N. Boland entered an order on February 9, 2009, directing Mr. Davis to show cause why the Application should not be either transferred to a more convenient forum or in the alternative dismissed for failure to assert exhaustion of state court remedies.  On March 5, 2009, Mr. Davis filed a Response.

The Court must construe liberally the Application and the Response because Mr. Davis is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as Mr. Davis's advocate. See *Hall*, 935 F.2d at 1110.

Where a prisoner brings an action in the district of his confinement attacking a sentence or terms of a parole set forth in another state, the court may transfer the suit to a more convenient forum. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). To determine the most desirable forum consideration is given to where all the material events took place, and where the records and witnesses pertinent to the case are likely found. *Braden*, 410 U.S. at 493-94.

Here, Mr. Davis challenges the State of Michigan's failure to complete his parole revocation hearing prior to his federal conviction and sentencing. (Application at 3-4 and 6.) He names, as Respondents, the State of Michigan and The Attorney General of the State of Michigan. (Application at 1.) A federal court in the State of Michigan is a more convenient forum for the adjudication of Mr. Davis's claim because the material events took place there and the pertinent records and witnesses are located there, given that Mr. Davis has exhausted his state court remedies. See *Braden,* 410 U.S. at 490-93. For the following reasons, the Court will order the case transferred to a federal district court in the State of Michigan pursuant to 28 U.S.C. § 1404(a), rather than dismiss the action for failure to exhaust state court remedies.

In response to Magistrate Judge Boland's February 9, 2009, Order, Mr. Davis asserts that he exhausted his state court remedies with respect to the outstanding

2

detainer. Mr. Davis has attached a copy of an order entered by the Circuit Court for the County of Muskegon for the State of Michigan. (Resp. at Ex. A.) The opinion in the order reads as follows: "The petitioner is detained in the [S]tate of Minnesota. The 14th Circuit Court is not the proper venue for a *habeas corpus* proceeding. Accordingly, the petition is DENIED." (Resp. at Ex. A.) Mr. Davis also asserts in the Application that he has exhausted his remedies because he filed a "state Habeas Corpus action, and was ordered by the District Court Judge[ ] to properly file in this Federal Court under 28 U.S.C. 2241." (Feb. 5, 2009, Application at 3.) Mr. Davis also attached to the February 5, 2009, Application a copy of a letter he sent to Judge William C. Marietti, the judge who entered the order in his state habeas corpus proceeding. (Feb. 5, 2009, Application at Exs.) On the letter Mr. Davis sent to Judge Marietti is a handwritten note dated 10/20/08 that reads: "The rule in Michigan requires you to file in the county where you are detained." (Feb. 5, 2009, Application at Exs.)

In accordance with **Rust v. Zent**, 17 F.3d 155, 160 (6th Cir. 1994), an applicant seeking federal habeas corpus review bears the burden of showing exhaustion of his available state court remedies. In the State of Michigan, a prisoner contesting his parole revocation may seek judicial review under the Michigan Administrative Procedures Act (MAPA), or he may file a petition for state habeas relief. **See Oatis v. Caruso**, 2009 WL 80347 *3 (W.D. Mich. Jan. 8, 2009) (slip op.)

Pursuant to MAPA, a prisoner may file a petition in the circuit court to appeal a final decision of the parole board within sixty days after the date the final decision is mailed to the prisoner. Mich. Comp. Laws § 24.304(1). Mr. Davis asserts that a parole

revocation hearing has not been held. A judicial review of Mr. Davis's parole revocation under MAPA, therefore, is not available to him.

Although nothing in Judge Marietti's order denying the habeas petition indicates that the petition concerns the detainer in question or directs Mr. Davis to file a 28 U.S.C. § 2241 action, a federal district court in the State of Michigan is a more convenient forum to determine the exhaustion issue, including the state court's finding of a lack of proper venue. The Court, therefore, finds that pursuant to 28 U.S.C. § 1404(a) it is in the interest of justice to transfer the action to the United States District Court for the Western District of Michigan. Accordingly, It is

ORDERED that the Application and action shall be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

DATED at Denver, Colorado, this 16 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00054-BNB

Wilson Davis
Reg No. 12723-040
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/17/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk