UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILSON ANTWANN DAVIS,

           Petitioner,           Case No. 1:09-cv-369

v.                                     Honorable Robert Holmes Bell

UNKNOWN DAVIS et al.,

           Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Englewood Federal Correctional Institution in Littleton, Colorado. In April 2001, Petitioner was arrested in Muskegon County and charged with a drug offense. He pleaded guilty in the Muskegon County Circuit Court to two counts of delivery of less than fifty grams of cocaine. On December 4, 2001, Petitioner was sentenced to imprisonment of twenty-four to sixty months. Petitioner was paroled on February 19, 2004. On December 12, 2005, Petitioner was arrested by federal authorities and placed in the Muskegon County Jail. The same day, Petitioner was notified of parole violation charges on his 2001 state conviction. On October 2, 2006, Petitioner pleaded guilty in this Court to being a felon in possession of a firearm. *See U.S. v. Davis*, No. 1:06-cr-69 (W.D. Mich.). Petitioner was sentenced on January 25, 2007, to imprisonment of seventy months in the Federal Bureau of Prisons (FBP).

On January 4, 2008, the Michigan Department of Corrections (MDOC) sent a copy of the parole violation warrant to the FBP and requested that the warrant be filed as a detainer. The MDOC further expressed its intent to extradite Petitioner if he was released by the FBP. The FBP subsequently issued a "Detainer Action Letter" on January 14, 2008, stating that the detainer had been filed against Petitioner for the parole violation warrant. According to the Detainer Action Letter, Petitioner was scheduled for release from the FBP on January 11, 2011.

Petitioner originally filed his petition in the District of Colorado. It was transferred to this Court on April 17, 2009. Petitioner contends that the detainer lodged against him by the State of Michigan violates his due process rights because he did not receive a timely parole revocation hearing. Petitioner asserts that as a result of the detainer, he has been given a higher security level and is not eligible for community placement and certain rehabilitation programs.

**Discussion**

In *Morrissey v. Brewer*, 408 U.S. 471, 481-84 (1972), the Supreme Court held that individuals threatened with the revocation of their parole possess a liberty interest that entitles them to minimal due process protections. In defining those minimal due process protections, the Supreme Court recognized two important stages in the parole revocation process - the preliminary hearing and the revocation hearing. *Id.* at 485. The Court stated that a preliminary hearing should be held promptly after the alleged parole violation or arrest to determine whether probable cause exists to hold the parolee for a revocation hearing. *Id.* at 485-87. If probable cause is found to exist, the parolee has a right to a hearing prior to a final decision on revocation by the state parole authority. *Id.* at 487-88. Due process requires that the final revocation hearing be held and a final determination be issued within a "reasonable time." *Id.* at 488.

Petitioner contends that his due process rights were violated by the lodging of the parole warrant as a detainer because he did not receive a timely parole revocation hearing as required under *Morrissey*. The Sixth Circuit addressed a nearly factually identical claim in *Phipps v. Runda*, No. 92-5123, 1992 WL 133030 (6th Cir. June 12, 1992). Phipps was paroled after serving sentences imposed by the Kentucky state courts. *Id.* at *1. While he was on parole, Phipps pleaded guilty in federal court to two counts of bank robbery. *Id.* Following his federal conviction, the Kentucky Board of Parole issued a parole violation warrant against Phipps, which was lodged as a detainer at the federal prison where Phipps was incarcerated for his federal conviction. *Id.* Phipps brought a § 2241 petition for habeas corpus claiming that the Kentucky Board of Parole violated his due process rights by failing to conduct a prompt parole revocation hearing. *Id.* The Sixth Circuit held that Phipps was not denied a fundamental right and affirmed the district court's dismissal of his due process claim. *Id*.

Like Phipps, the Petitioner in this case pleaded guilty to a federal felony offense while he was on parole for a previous state conviction. Because Petitioner's subsequent conviction by guilty plea provides irrefutable evidence of his parole violation, *Morrissey*'s protections do not apply. *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (because parole decision maker had no discretion but to revoke parole on the basis of a subsequent conviction, *Morrissey* did not apply); *Santiago-Fraticelli v. Thomas*, No. 99-6178, 2000 WL 924602, at *1 (6th Cir. June 26, 2000). Petitioner, therefore, fails to raise a meritorious due process claim arising from the Michigan detainer.

Petitioner's claim that, as a result of the detainer, he was classified to a higher security level and is not eligible for community placement and certain rehabilitation programs also fails to implicate the Due Process Clause. Plaintiff has no constitutional right to any particular placement or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). The Sixth Circuit also has held that "the denial of participation in a community placement program is not the type of atypical and significant deprivation in which the state might create a liberty interest." *Davis v. Loucks*, No. 96-1583, 1997 WL 215517, at *1 (6th Cir. Apr. 29, 1997) (citing *Sandin*, 515 U.S. at 483-84)).

Likewise, Plaintiff does not have a federally cognizable liberty interest in participating in rehabilitative treatment programs. *See, e.g.*, *Moody,* 429 U.S. at 88 n.9 (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs").

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: May 22, 2009                          /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE